**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

ALFONSO VIELMA,

Defendant/Petitioner.

Case No. 2:16-cr-0298-RFB

**ORDER**

Before this Court is Defendant's Emergency Motion for Compassionate Release (ECF No. 41). On October 20, 2020, this Court held a hearing to address this motion with defendant appearing by teleconference at the videoconference proceedings. For the reasons identified at the hearing and those identified in this order, the Court finds that Mr. Vielma has met the requirement of exhaustion, established extraordinary reasons for his release based upon his chronic medical conditions, and set forth reasons under the relevant federal sentencing statute to be released. The Court therefore GRANTS the Emergency Motion for Compassionate Release.

## I. BACKGROUND

On October 5, 2017, the Court sentenced Mr. Vielma to 70 months of incarceration. ECF No. 37. He was sentenced to 70 months on Count Two and 70 months on Count Three with the sentences to run concurrent with each other. ECF No. 37. The Court further imposed three years of supervised release on each count to run concurrent with each other. Id.

## II. LEGAL STANDARD

Federal law permits a district court to modify a sentence under certain conditions pursuant to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. at §3582(c)(1)(A)(i).

## III. DISCUSSION

The Court incorporates by reference its findings from the hearing on October 20, 2020 into this order.

The Court finds that Mr. Vielma has exhausted his administrative remedies in this case as required by Section 3582. He requested compassionate release from the BOP and was rejected for early release or release to home confinement. ECF No. 41 at 7-8. The government does not contest that he has exhausted his administrative remedies in this case. ECF 45.

The Court first finds that Mr.Vielma has established "extraordinary and compelling reason[s]" which qualify him for compassionate release. Mr. Vielma contracted COVID-19 while incarcerated. He ultimately had to be hospitalized and placed on supplemental oxygen. The Court finds that, while he was discharged from the hospital as "recovered," he continued to suffer various symptoms. Id. at 13-14. The Court further finds that Vielma continued to suffer from complications from his infection and related medical conditions that have not been adequately treated by BOP

officials at his current facility. ECF No. 41 at 13-15. The Court further finds that the conditions of Vielma's current incarceration create an enhanced risk of reinfection. ECF No. 41 at 16-17. Based upon the serious potential complications from reinfection for Vielma as well as the inadequate treatment for his complications from his initial COVID-19 infection and based upon the reasons set forth in the Emergency Motion, the Court finds that Vielma has established extraordinary reasons for his release.

The Court further finds upon consideration of the factors under 18 U.S.C. §3553 that it would be appropriate for him to be released and that he does not pose a danger to the community. The Court is familiar with the facts of Vielma's case and incorporates by reference the sentencing record. The Court finds that Vielma has served a sufficient amount of time (approximately 48 months) on his convictions to serve as an adequate deterrent to future criminal conduct and as a sufficient punishment for his crimes.

Based upon a consideration of the entire record in this case, the Court finds that a sentence of time served would be appropriate as to the remaining counts of conviction for which Mr. Vielma is serving time in prison. The Court will impose the same periods of supervised release and the same conditions for those terms of supervised release.

## IV. CONCLUSION

For the reasons stated,

**IT IS THEREFORE ORDERED** that Defendant Petitioner's Emergency Motion for Reduction of Sentence [ECF No. 41] is GRANTED. Mr. Vielma's remaining sentence is reduced to "time served" as to Count Two and Count Three of the Judgment. The Court shall enter an Amended Judgment with its new sentence in this case.

**IT IS FURTHER ORDERED** that Defendant shall be released from Bureau of Prisons' (BOP) custody by **4:00 p.m. EST on Friday, October 23, 2020**.

**IT IS FURTHER ORDERED** that Defendant's counsel shall, within 24 hours of this receipt of this order, provide a copy of same to Danbury FCI so the BOP may immediately arrange Defendant's transportation from Danbury FCI to Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Defendant shall not be required to report to the U.S. Probation Office in person. However, within 72 hours of his release, Defendant shall contact the U.S. Probation Office in Las Vegas, Nevada by telephone to check in. Defendant is required to reside with his cousin, Jenny Corn, at her residence in Las Vegas, Nevada, which the Court deems to be an appropriate residence at this time. The Probation Department shall inform the Court of any concerns it has regarding this residence.

**IT IS FURTHER ORDERED** that the BOP provide for Defendant's transfer from Danbury FCI back to Las Vegas, Nevada, pursuant to 18 U.S.C. 18 U.S.C. § 3624(d), to comply with the Court's Friday, October 23, 2020 release date.

The BOP will arrange for Defendant's release and travel from BOP custody prior to his release, and his travel shall take place as soon as Defendant is released from BOP custody. In arranging for his travel the BOP will also pay for Defendant's travel costs and provide him an amount of money not to exceed $100 to travel with, ensure Defendant has proper identification for travel, ensure Defendant has an appropriate supply of his medication and property, and ensure Defendant's travel arrangements include travel directly to Jenny Corn's residence in Las Vegas, Nevada from the airport.

Counsel for Defendant will provide the BOP with the Jenny Corn's address and contact information within 24 hours of receiving this order.

**IT IS FURTHER ORDERED** that Defendant shall serve 3 years of supervised release as originally imposed.

**IT IS FURTHER ORDERED** that all other conditions of supervision originally imposed shall remain in effect.

**DATED: <u>October 21, 2020</u>**.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**